# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | *Darrah* |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4612 | **DATE** | 6/28/13 |
| **CASE TITLE** | United States of America ex rel. Jermaine Brown (R24843) vs. Warden Akpore | | |

## DOCKET ENTRY TEXT

Respondent is ordered to answer or otherwise respond to the habeas corpus petition within twenty-eight days of the entry of this order. The motion to proceed *in forma pauperis* (Dkt. No. 3), is denied as moot. Petitioner's motion for attorney assistance (Dkt. No. 4), is denied as premature. Illinois Attorney General Lisa Madigan is dismissed as a respondent. The Clerk is instructed to correct the docket to reflect that Warden Akpore is Warden Kevwe Akpore, Warden, Hill Correctional Center.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Jermaine Brown, a Hill Correctional Center inmate, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2002 murder conviction from the Circuit Court of Cook County. Pending before the Court are petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), motion for attorney assistance (Dkt. No. 4), and the initial review of the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Dkt. No. 1).

As a threshold matter, the Court notes that plaintiff had two prior § 2254 habeas corpus petitions dismissed in this Court. *Brown v. McCann*, No. 08 C 6041 (N.D. Ill.) (Darrah, J.); *Brown v. Shaw*, No. 09 C 3048 (N.D. Ill.) (Darrah, J.). Both prior petitions were dismissed because petitioner failed to pay the five dollar filing fee or bring a proper IFP request. A dismissal for failure to pay the filing fee does not count towards 28 U.S.C. § 2244(b)'s prohibition on unauthorized second or successive habeas corpus petitions. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) (citing *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996)). The instant petition is considered the "first" petition for purposes of § 2244(b).

Petitioner has paid the filing fee in this case. (Dkt. No. 5). Thus, the motion to proceed *in forma pauperis* (Dkt. No. 3), is denied as moot.

Petitioner's motion for attorney assistance (Dkt. No. 4), is denied as premature. Counsel is traditionally provided in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require. *See Martel v. Clair*, 132 S. Ct. 1276, 1285

(2012); Rule 8(c), Rules Governing Section 2254 Cases. The Court must first consider respondent's response to the habeas corpus petition before determining whether counsel is necessary.

Turning to the habeas corpus petition (Dkt. No. 1), Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the Court orders respondent to answer or otherwise respond to the petition.

The present habeas corpus petition raises claims of improper closing arguments by the prosecutor and ineffective assistance of counsel. Plaintiff states that he has exhausted these claims through his state court proceedings. The present petition raises cognizable claims and an affirmative defense is not plainly clear on the face of the petition.

Respondent is ordered to answer or otherwise respond to the habeas corpus petition within twenty-eight days of the entry of this order. The Court shall leave it to respondent to formulate his answer, motion to dismiss, or other response as he so desires. Respondent is instructed to provide the full state court record (ie, a copy of the state court trial court docket sheet, relevant state court opinions and associated briefs, and the state trial court common law record and report of proceedings, if available), with his answer, motion to dismiss, or other response.

Petitioner is reminded to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a Judge's copy (including a complete copy of any exhibits) of every document filed. In addition, petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Office of the Illinois Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to petitioner.

Illinois Attorney General Lisa Madigan is dismissed as a respondent as she is not petitioner's present custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Clerk is instructed to correct the docket to reflect that Warden Akpore is Warden Kevwe Akpore, Warden, Hill Correctional Center.