UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERMAINE BROWN<br>United States of America ex rel, | )<br>)<br>) |
| Petitioner, | ) |
| v. | ) Case No. 13-cv-4612 |
| WARDEN KEVWE AKPORE,<br>Warden, Hill Correctional Center, | )<br>) Judge John W. Darrah<br>) |
| Respondent. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Petitioner Jermaine Brown has filed a Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, against Kevwe Akpore, Warden for Hill Correctional Center, Illinois ("Respondent"). For the reasons stated below, Brown's § 2254 Petition is denied.

## BACKGROUND

In 2003, following a jury trial in Cook County, Illinois, Brown was convicted of first-degree murder of Ulysses Taylor. (Resp. Ans., Exh. A, *People v. Brown*, No. 1-04-1876 (Ill. App. Ct. Dec. 21, 2005)).[1] During the trial, the evidence established that there was an on-going dispute between Brown and Taylor and that Brown had approached Taylor from behind and shot him. Brown did not dispute shooting Taylor but asserted a claim of self-defense. (*Id.*) Brown was sentenced to a twenty-five-year prison term and is currently incarcerated at the Hill Correctional Center in Galesburg, Illinois. (*Id.*)

---

[1] The factual findings of a state trial or appellate court are presumed true in a federal *habeas* proceeding unless the petitioner can rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Brown has not challenged the state appellate court's summary of facts. Therefore, the following facts are drawn from the state appellate court's opinion.

1

Brown appealed both his conviction and his sentence. He raised the following two arguments: (1) the prosecutors erred by personally opining that Brown was guilty and by referring to the law of second-degree murder as a "joke" and a "coward's law" and (2) the compulsory extraction of Brown's blood and permanent storage of his DNA profile violated the Fourth Amendment. (Resp. Ans., Exh. B, Exh. C, Exh. D.) He did not contest the sufficiency of the evidence supporting his conviction.

On December 21, 2006, the state appellate court affirmed Brown's conviction and sentence. Brown's ensuing petition for leave to appeal ("PLA") raised the same two claims and was denied by the Illinois Supreme Court on May 24, 2006. (Resp. Ans., Exh. E, Exh. F.)

On October 13, 2006, Brown filed a *pro se* post-conviction petition in state court, arguing that his trial and appellate counsel were ineffective based on various grounds. On May 21, 2009, Brown, with the representation of counsel, filed an amended post-conviction petition that superseded his *pro se* petition. In the amended petition, Brown argued that: (1) his trial counsel was ineffective for failing to (a) introduce evidence related to the victim's violent character; (b) investigate, interview, and/or call Keesha Stuckie as a witness; and (c) allege a *Batson* violation during *voir dire*; and (2) his appellate counsel was ineffective for failing to argue that Brown was denied a fair trial when the prosecution offered the testimony of Piper Wells in rebuttal. (Resp. Ans., Exh. G.) The trial court dismissed the post-conviction petition. (Resp. Ans., Exh. H.)

Brown appealed but argued only that trial counsel was ineffective for failing to call Keesha Stuckie and for failing to introduce evidence of the victim's violent character. (Resp. Ans., Exh. I.) On November 13, 2012, the appellate court affirmed the dismissal of the post-conviction petition. Brown's PLA was denied by the Illinois Supreme Court on March 27, 2013.

On June 24, 2013, Brown filed the instant § 2254 Petition, in which he raises the following claims:

(A) the prosecutors erred by personally opining that petitioner was guilty, and by referring to the law of second-degree murder as a "joke" and a "coward's law" (Pet. at 4-6);

(B) trial counsel was ineffective for failing to: (1) move to reconsider the trial court's decision to impose a twenty-five-year sentence, and file a notice of appeal (*id.* at 6); (2) prepare for the sentencing hearing and advise petitioner that he had a right to present evidence at that time (*id.* at 6-7); (3) investigate and call as witnesses Jerry Knox, Jerry Knox's sister, and "petitioner's family and friends," such as his aunt and grandmother (*id.* at 7); (4) file a motion to suppress petitioner's statement on the basis of a putative Miranda violation (*id.* at 8); (5) object when the prosecution offered the testimony of Piper Wells in rebuttal (*id.* at 9); (6) object to the prosecutor's comments in closing argument described in Claim A, above (*id.* at 10); (7) allege a Batson violation during *voir dire* (*id.* at 11-12, 15); (8) introduce additional evidence of the victim's violent character, including his prior convictions of aggravated unlawful use of a weapon and aggravated assault, to bolster the self-defense theory (*id.* at 12-13); (9) investigate, locate, and call Keesha Stuckie, whose testimony would support a self-defense theory (*id.* at 14);

(C) appellate counsel was ineffective for not arguing on direct appeal that trial counsel failed to: (1) file a motion to suppress Brown's statement on the basis of a putative Miranda violation (*id.* at 8); (2) object when the prosecution offered the testimony of Piper Wells in rebuttal (*id.* at 9, 14-15); (3) object to the prosecutor's comments in closing argument described above (*id.* at 10); (4) allege a Batson violation during *voir dire* (*id.* at 11-12); and

(D) the state trial and appellate courts on post-conviction review erred in denying post-conviction relief because Brown made a substantial showing of a Sixth Amendment violation where trial counsel failed to call Keesha Stuckie as a witness and present evidence regarding the victim's violent tendencies (*id.* at 16-20).[2]

Respondent argues that the majority of Brown's claims are procedurally defaulted and that the remaining claims are meritless. Brown was given several, lengthy extensions of time to file a reply brief but did not do so.

---

[2] Claim (D) repeats the same arguments made in Claims (B)(8) and (9).

3

## **LEGAL STANDARD**

Historically, *habeas corpus* relief has been viewed as "an extraordinary remedy, 'a bulwark against convictions that violate fundamental fairness.'" *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (quoting *Engle v. Isaac*, 456 U.S. 107, 126 (1982)) (other internal citations omitted). 28 U.S.C. § 2254 governs petitions for *habeas corpus* filed by state prisoners. It provides that relief may not be granted to any claim adjudicated on the merits in a state court proceeding unless the claim "was contrary to, or involved an unreasonable application of Supreme Court precedent" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). State court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citing 28 U.S.C. § 2254(e)(1)).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, a petitioner must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. To establish prejudice, the petitioner must prove there is a reasonable probability the proceeding would have had a different result but for the errors of counsel. *Id.* at 694. If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other. *See Strickland*, 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . .").

4

Before a federal court can address the merits of a § 2254 petition, the petitioner must satisfy several procedural steps in state court. 28 U.S.C. § 2254(b)(1). The petitioner must have given "the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude." *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (internal citations omitted). Specifically, the petitioner must have "fairly presented" each of his *habeas* claims to the state's appellate and supreme courts, including the underlying operative facts and controlling legal principles for each claim. *McKee*, 598 F.3d at 382; *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). Failure to present each claim to the state judiciary leads to procedural default of that claim and bars the federal court from reviewing the claim's merits. *McKee*, 598 F.3d at 382. Furthermore, a federal court will not review a *habeas* claim that was presented to the state court but rejected on "an independent and adequate state ground." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)).

The petitioner may overcome procedural default where "the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted) (emphasis in original). Cause "is defined as 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.'" *McKee*, 598 F.3d at 382 (quoting *People v. Britt-El*, 794 N.E.2d 204, 209 (Ill. App. Ct. 2002)). Prejudice is "'an error which so infected the entire trial that the resulting conviction violates due process.'" *Id.* (quoting *Britt-El*, 794 N.E.2d at 209). To establish that denial of the *habeas* would result in a miscarriage of justice, the petitioner must demonstrate that "he is actually innocent of the offense for which he was convicted, *i.e.*, that no reasonable juror

would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026.

## ANALYSIS

*Claim A – Prosecutor Remarks at Trial*

In Claim A, Brown argues that the prosecutor made improper comments during closing and rebuttal arguments, denying Brown a fair trial. This claim is procedurally defaulted because the Illinois appellate court rejected it on an "independent and adequate state ground." *McKee*, 598 F.3d at 382. Specifically, the appellate court held that Brown had waived or forfeited this claim on appeal because he failed to object to the comments at the time that they were made and also failed to raise them in his post-trial motion. (Ans. Exh. A at 5-6, 8.)

A state ground is "independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case" and "adequate when it is a firmly established and regularly followed state practice at the time it is applied." *McKee*, 598 F.3d at 382 (internal citations omitted). Here, the state appellate court decided Brown's claim on an independent procedural ground because it relied on the Illinois rule requiring a defendant to object to the alleged error at the time it occurs and to include it in a post-trial motion. (*See* Ans. Exh. A at 5 (citing *People v. Enoch*, 522 N.E.2d 1124, 1130 (Ill. 1988)).) This Illinois rule is a firmly established and regularly followed state practice. *See Enoch*, 522 N.E.2d at 1130 ("Both a trial objection and a written post-trial motion raising the issue are required for alleged errors that

could have been raised during trial."); *People v. Kitch*, 942 N.E.2d 1235, 1240 (Ill. 2011) (same).[3]

Furthermore, Brown has not set forth any argument that would excuse his procedural default of this claim; he has not demonstrated a cause and prejudice for the default or that there would be a fundamental miscarriage of justice without federal review. *See Lewis*, 390 F.3d at 1026. Consequently, federal review of Claim A is procedurally barred.

*Claims B(1)-(7) and C(1)-(4) – Ineffective Assistance of Trial and Appellate Counsel*

In Claims B(1)-(7) and C(1)-(4), detailed above, Brown asserts various grounds why his trial counsel and appellate counsel were ineffective. Brown's amended post-conviction petition raised some of these grounds to the state trial court, which rejected Brown's arguments. (Resp. Ans. Exh. G, at C102-170.) On appeal, however, Brown dropped all of these claims and raised only Claims B(8)-(9) to the state appellate court and to the supreme court. Because Brown did not raise Claims B(1)-(7) and C(1)-(4) "in one complete round" of state appellate review, he procedurally defaulted on these claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Brown also has not advanced any argument that would excuse the default of these claims. Therefore, federal review of Claims B(1)-(7) and C(1)-(4), as identified above, is procedurally barred.

---

[3] The state appellate court's subsequent review for plain error did not constitute a decision on the merits and therefore, does not change the procedural default. *See Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) ("where a state court reviews the claim for plain error as the result of a state procedural bar such as the Illinois doctrine of waiver, that limited review does not constitute a decision on the merits").

7

*Claims B(8)-(9) – Ineffective Assistance of Trial Counsel*

In Claims B(8)-(9), Brown alleges ineffective assistance of his trial counsel for failing to introduce evidence of the victim's violent character and for failing to investigate and call Keesha Stuckie as a witness. Brown did not procedurally default on these claims because he raised them to the state trial, appellate and supreme courts.

The last state court to consider Brown's claims was the state appellate court when it denied Brown's post-conviction petition on the merits on November 13, 2012. (*See* Resp. Ans. Exh. 12, *People v. Brown*, 2012 IL App (1st) 103615.) In rejecting Brown's claims, the appellate court applied the ineffective test set forth in *Strickland*, 466 U.S. 668. The appellate court held that trial counsel was not ineffective for failing to call Stuckie as a witness because, based on her affidavit, her testimony would not have bolstered Brown's theory of self-defense. (*Id.* at ¶ 20.) The court noted that Stuckie was not present when Brown shot the victim and that Brown never told Stuckie that he was in "fear for his life." (*Id.*) The appellate court further held that Brown was not prejudiced by his trial counsel's failure to present the additional evidence of the victim's violent character. The appellate court explained that the additional evidence would be merely cumulative because other evidence had established the victim's violent character, including that the victim had shot Brown seven weeks earlier and testimony of three defense witnesses that the victim had shot at them in Garfield Park on the morning that he was killed. (*Id.* at ¶ 25.)

Brown has failed to show that the appellate court's decision was "contrary to or involved an unreasonable application of clearly established Federal law" or "based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding." 28 U.S.C. § 254(d)(2). Rather, the appellate court correctly applied the applicable *Strickland* test to Brown's claim and did not make an unreasonable determination of the facts presented.

Consequently, Brown has not carried his burden demonstrating that he is entitled to *habeas* relief.

*Certificate of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability under § 2253, a petitioner must demonstrate the denial of a constitutional right. This requires the petitioner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000). Where the district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* at 1604. As discussed above, Brown has not demonstrated the denial of a constitutional right with respect to his ineffective assistance claims. Accordingly, a certificate of appealability shall not issue.

## **CONCLUSION**

For all the reasons discussed above, Brown's 28 U.S.C. § 2254 Motion to vacate, set aside, or correct his sentence [1] is denied.

Date:     February 19, 2015

_____
JOHN L. DARRAH
United States District Court Judge